**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|   |   |   |
|---|---|---|
| MICROSOFT CORPORATION,<br>One Microsoft Way<br>Redmond, WA 98052<br><br>     Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE,<br>1111 Constitution Avenue, N.W.<br>Washington, D.C. 20224<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Case No. _____ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Microsoft Corporation ("Plaintiff" or "Microsoft") brings this action for declaratory and injunctive relief under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, and complains as follows:

### INTRODUCTION

1. Plaintiff seeks to compel the disclosure of a complete government contract and related records that were unlawfully withheld by the Internal Revenue Service ("Defendant" or "IRS") arising from its engagement of the law firm Quinn Emanuel Urquhart & Sullivan, LLP, its partners, and/or its employees (collectively, "Quinn Emanuel") to assist the IRS in preparing, organizing, and presenting the factual record and legal analysis in connection with Defendant's transfer pricing audits of Microsoft under 26 U.S.C. § 482.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this case pursuant to 5 U.S.C. § 552(a)(4)(B). The Court also has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 702.

3. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

4. Plaintiff is a Washington corporation with its principal place of business located in Redmond, Washington.

5. Defendant is an agency of the United States government within the meaning of 5 U.S.C. § 552(f)(1), headquartered in Washington, D.C., that has possession and control over the records that Plaintiff seeks under the FOIA.

## STATUTORY FRAMEWORK

6. The FOIA requires federal government agencies to release requested agency records to the public unless one or more specific statutory exemptions apply. 5 U.S.C. § 552(a)(3)(A).

7. Records are agency records subject to the FOIA if the agency created or obtained them and the agency controlled them at the time the FOIA request is made. U.S. Dep't of Justice v. Tax Analysts, 492 U.S. 136, 144-45 (1989).

8. An agency has twenty (20) working days after receipt of a FOIA request in which to determine whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). If the agency fails to respond, this Court has jurisdiction upon receipt of a complaint to review, de novo, the agency's failure to respond and order the production of any agency records improperly withheld from the requester. 5 U.S.C. § 552(a)(4)(B).

## STATEMENT OF FACTS

9. Defendant, a bureau of the Department of the Treasury, is responsible for the administration and enforcement of the federal tax laws.

10. Defendant is presently conducting an examination of Plaintiff's federal income tax returns for the tax years ended June 30, 2004 through June 30, 2009 (the "IRS Examinations"). As relevant to Quinn Emanuel, Defendant is auditing Plaintiff's intercompany transactions under 26 U.S.C. § 482.

11. Based upon limited information in the public domain, Plaintiff discovered that Defendant and Quinn Emanuel entered into a contract in the amount of $2,185,500 on May 19, 2014, for Quinn Emanuel's provision of legal services to Defendant related to the IRS Examinations under 26 U.S.C. § 482.

12. Quinn Emanuel is "a 650-lawyer business litigation firm -- the largest in the United States devoted solely to business litigation and arbitration."  Quinn Emanuel Urquhart & Sullivan, LLP, http://www.quinnemanuel.com (last visited Nov. 23, 2014).

13. On September 22, 2014, Plaintiff's counsel prepared a FOIA request, on Plaintiff's behalf ("Plaintiff's FOIA Request").  November 24, 2014 Declaration of Daniel A. Rosen ("Rosen Decl."), Ex. I (Attachment 1 hereto).  Plaintiff's FOIA Request sought:

> All documents representing proposals for services to be rendered by Quinn Emanuel, its partners, and/or its employees in connection with the IRS examination of Microsoft for Microsoft's tax years ended June 30, 2004 through June 30, 2009.
>
> All documents representing agreements (and modifications to agreements, if any) for the performance of services to be rendered by Quinn Emanuel, its partners, and/or its employees in connection with the IRS examination of Microsoft for Microsoft's tax years ended June 30, 2004 through June 30, 2009.  This request includes, but is not limited to, the complete contract between Quinn Emanuel and the IRS, which www.usaspending.gov identifies as contract number TIRNE-14-C-00013, entered into on May 19, 2014, with an obligation amount of $2,185,500.

14. Plaintiff's FOIA Request was received by the appropriate component of the IRS by no later than September 24, 2014.

15. As of October 23, 2014, Defendant had not responded to Plaintiff's FOIA Request.

16. On October 23, 2014, Defendant sent Plaintiff's counsel a letter in connection with Plaintiff's FOIA Request ("Defendant's October 23, 2014 Letter").  Rosen Decl., Ex. II.

17. Defendant's October 23, 2014 Letter claimed that Defendant was unable to meet the 20 working-day statutory deadline to respond to Plaintiff's FOIA Request, and alleged entitlement to a 10 day statutory extension, to November 6, 2014, in order to "[s]earch for and collect the requested records from other locations."  Id. at 1.

18. No "unusual circumstances," as that term is defined in 5 U.S.C. § 552(a)(6)(B)(iii), precluded Defendant from responding to Plaintiff's FOIA Request within the 20 working-day statutory response period under the FOIA.

19. On November 18, 2014, Plaintiff's counsel received a second letter from Defendant, dated November 5, 2014, in connection with Plaintiff's FOIA Request ("Defendant's November 2014 Letter").  Rosen Decl., Ex. III.

20. Defendant's November 2014 Letter, while dated November 5, 2014, was not actually sent to Plaintiff's counsel until November 12, 2014.  Rosen Decl. ¶¶ 5-6 and Ex. IV.

21. To date, Defendant has not responded to Plaintiff's FOIA Request.

22. The statutory deadline for Defendant to respond to Plaintiff's FOIA Request, regardless of whether "unusual circumstances" precluded Defendant from responding to Plaintiff's FOIA Request within the 20 working-day statutory response period under the FOIA, has expired.

23. Because Defendant failed to comply with the FOIA time limit provisions, Plaintiff has exhausted its administrative remedies in accordance with 5 U.S.C. § 552(a)(6)(C)(i).

## CAUSES OF ACTION

### First Cause of Action
### (Production Under the FOIA)

24. Plaintiff asserts and incorporates by reference paragraphs 1-23.

25. Plaintiff properly requested records within Defendant's control and possession in accordance with the FOIA.

26. Plaintiff is entitled under the FOIA to access the requested records.

27. Defendant wrongfully withheld the requested records in violation of the FOIA.

28. Plaintiff exhausted its administrative remedies with regard to the wrongfully withheld records.

### Second Cause of Action
### (Violation of the APA)

29. Plaintiff asserts and incorporates by reference paragraphs 1-23.

30. Plaintiff properly requested records within Defendant's control in accordance with the FOIA.

31. Plaintiff is entitled under the FOIA to access the requested records.

32. Defendant's failure to respond to Plaintiff's FOIA Request constitutes agency action unlawfully withheld and unreasonably delayed, in violation of the APA. Defendant's failure to timely respond is arbitrary, capricious, an abuse of discretion, not in accordance with law, and without observance of procedure required by law, all in violation of the APA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court:

a. declare that Defendant's failure to disclose the records requested by Plaintiff is unlawful;

b. enjoin defendant from withholding and order Defendant to disclose the requested records to Plaintiff, in accordance with 5 U.S.C. § 552(a)(4)(B);

c. award Plaintiff its costs and reasonable attorney fees, in accordance with 5 U.S.C. § 552(a)(4)(E); and

d. grant such other and further relief as the Court may deem just and proper.

**Dated: November 24, 2014**

Respectfully submitted,

George M. Clarke III
(D.C. Bar No. 480073)
Baker & McKenzie LLP
815 Connecticut Avenue, N.W.
Washington, D.C. 20006-4078
Phone: (202) 452-7000
Fax: (202) 452-7074

Daniel A. Rosen
Baker & McKenzie LLP
452 Fifth Avenue
New York, New York 10018
Phone: (212) 626-4000
Fax: (212) 310-1600

James M. O'Brien
Baker & McKenzie LLP
300 East Randolph Street,
Suite 5000
Chicago, Illinois 60601
Phone: (312) 861-8000
Fax: (312) 861-2899

*Counsel for Plaintiff Microsoft Corporation*