IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| MICROSOFT CORPORATION ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:14-cv-1982 RBW |
| ) | |
| INTERNAL REVENUE SERVICE ) | |
| ) | |
| Defendant. ) | |

## ANSWER

DEFENDANT, the Internal Revenue Service, by and through its attorneys, responds to the complaint as follows:

1. The Defendant admits that Plaintiff seeks to compel disclosure, under the Freedom of Information Act ("FOIA"), of certain records pertaining to a contract between Quinn Emanuel Urquhart & Sullivan, LLP; denies that the Defendant unlawfully withheld the records described in paragraph 1, and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 1.

2. The Defendant admits that the court has jurisdiction over the parties and this matter pursuant to 5 U.S.C. § 552(a)(4)(B).

3. The Defendant admits that venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

4. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4.

1

5. The Defendant admits that the Internal Revenue Service is headquartered in Washington, D.C.; and avers that it is an agency as defined under 5 U.S.C. § 552(f)(1). The Defendant further admits that it possesses some records that are responsive to Plaintiff's FOIA request, and avers that it does not have complete control over the responsive records.

6. The allegations in paragraph 6 are legal conclusions to which no response is required. To the extent a response is required, the Defendant admits these allegations.

7. The allegations in paragraph 7 are legal conclusions to which no response is required. To the extent a response is required, the Defendant denies these allegations.

8. The allegations in paragraph 8 are legal conclusions to which no response is required. To the extent a response is required, the Defendant admits that an agency ordinarily has twenty working days after receipt of a FOIA request to respond, avers that such FOIA request must be perfected, and further avers that the FOIA permits an agency an additional ten working days for an agency to respond under certain circumstances; denies the remaining these allegations.

9. The Defendant admits the allegations in paragraph 9.

10. Defendant admits, and avers that Plaintiff has itself described the federal income tax examination in its FOIA request for records attached to the Complaint (Doc. 1-2, page 1 of 25).

11. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11.

12. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12.

13. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 13. The Defendant admits only that the declaration cited in the second sentence of paragraph 13 speaks for itself and denies the remaining allegations in paragraph 13.

14. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14

15. The Defendant admits the allegations in paragraph 15.

16. The Defendant admits only that the document cited in paragraph 16 speaks for itself and denies the remaining allegations in paragraph 16.

17. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17. The Defendant

admits only that the cited document speaks for itself and denies the remaining allegations in paragraph 17.

18. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18.

19. The Defendant admits only that the document cited in in paragraph 19 speaks for itself and denies the remaining allegations in paragraph 19.

20. The Defendant admits only that the document cited in paragraph 20 speaks for itself and denies the remaining allegations in paragraph 20.

21. Defendant admits that as of October 23, 2014 it had not responded to the Plaintiff's FOIA request, and that as of November 24, 2014, Defendant had not released any documents to the Plaintiff in response to its request. Plaintiff avers that on January 14, 2015, Defendant released to Plaintiff 176 pages of documents, some partially exempt from disclosure, representing records in Defendant's possession and control that were responsive to Plaintiff's FOIA request.

22. The allegations in paragraph 22 are legal conclusions to which no response is required. To the extent a response is required, the Defendant denies these allegations.

23. The allegations in paragraph 23 are legal conclusions to which no response is required. To the extent a response is required, the Defendant lacks information or knowledge sufficient to form a belief about the truth of these allegations.

24. The Defendant incorporates by reference its responses to paragraphs 1-23.

25. The allegations in paragraph 25 are legal conclusions to which no response is required.  To the extent that a response is required, the Defendant lacks information or knowledge sufficient to form a belief about the truth of these allegations.

26. The Defendant denies the allegations in Paragraph 26, and avers that the Plaintiff is entitled to records responsive to its request that are not exempt from disclosure.

27. The allegations in paragraph 27 are legal conclusions to which no response is required. To the extent that a response is required, the Defendant denies these allegations.

28. The allegations in paragraph 28 are legal conclusions to which no response is required. To the extent a response is required, the Defendant lacks information or knowledge sufficient to form a belief about the truth of these allegations.

29.     The Defendant incorporates by reference its responses to paragraphs 1-29.

30.     The allegations in paragraph 30 are legal conclusions to which no response is required. To the extent a response is required, the Defendant lacks information or knowledge sufficient to form a belief about the truth of these allegations in paragraph 30.

31.     The Defendant denies the allegations in Paragraph 31, and avers that the Plaintiff is entitled to records responsive to its request that are not exempt from disclosure.

32.     The allegations in paragraph 32 are legal conclusions to which no response is required.  To the extent that a response is required, the Defendant denies the allegations in paragraph 32.

## FIRST AFFIRMATIVE DEFENSE

The Defendant is entitled to withhold from disclosure certain records or portion of records pursuant to 5 U.S.C. § 552(b).

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's request was overbroad and failed to reasonably describe the records sought, and Plaintiff has failed to address these defects when invited to do so.

## THIRD AFFIRMATIVE DEFENSE

The Defendant's time to respond has been properly extended due to the need to obtain records from other offices and to search for, collect, and appropriately examine a voluminous amount of separate and distinct records demanded in a single request.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is neither eligible nor entitled to an award for attorneys' fees and costs.

## FIFTH AFFIRMATIVE DEFENSE

The plaintiff is entitled only to the relief provided by the Freedom of Information Act, 5 U.S.C. § 552.

WHEREFORE, having fully responded to plaintiff's complaint, the Defendant prays that this Court dismiss the complaint with prejudice, grant the Defendant its costs of defense, and grant such other relief as may be deemed just and proper under the circumstances.

DATE: January 15, 2015

/s/ Richard J. Hagerman
RICHARD J. HAGERMAN
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Phone/Fax:  (202) 616-9832/514-6866
Email: Richard.J.Hagerman@usdoj.gov

OF COUNSEL:

RONALD C. MACHEN, JR.
United States Attorney

CERTIFICATE OF SERVICE

I certify that I served a true and correct copy of the foregoing answer on Plaintiff's counsel via the Court's electronic case filing system this 15th day of January, 2015.

/s/ Richard J. Hagerman
RICHARD J. HAGERMAN